STATE EMPLOYEES — SERVICE ON STATE BOARDS OR COMMISSIONS A salaried employee of the State of Oklahoma may be appointed to a state board or commission and continue to serve as a salaried employee if the duties with the state board or commission do not in any way conflict with his responsibilities as a salaried employee. The fact that the salary of such employee is paid from federal funds would have no bearing on this opinion, nor would the payment of per diem expenses. The Attorney General has received your request for an opinion, wherein you ask, in effect, the following questions: 1. May a salaried employee of the State of Oklahoma be appointed to a State board or commission and continue to serve in both capacities ? 2. What effect, if any, would the fact that the salary of said employee is paid from federal funds have? 3. Would the fact the appointed position provides only for per diem expenses or reimbursement of expenses be a determining factor in such a case? For purposes of this opinion, it will be assumed the salaried employee to which you refer is precisely that, an employee, and not an officer of the State. Thus, the dual office holding provisions of 51 O.S. 6 [51-6] (1971), would not be applicable. It will also be assumed that any specific statutory requirements of the proposed board or commission pertaining to appointment thereto are met by the prospective appointee. Finally, it should be noted that this opinion does not apply to those officers of the State, or their designees, who serve as ex officio members of boards and commissions, i.e., by virtue of their office. Under these circumstances, it would seem that the appropriateness of such an appointment would be dictated by the provisions of the Oklahoma Code of Ethics for State Officials and Employees, 74 O.S. 1401 [74-1401] et seq. (1971), and Article II, Section 11 of the Oklahoma Constitution. Section 1402 of the Code of Ethics delineates the policy considerations involved in its enactment, and reads as follows: "It is hereby declared to be the policy of the State of Oklahoma that no officer or employee or member of the executive, judicial or legislative branch of state government shall have any interest, financial or otherwise, or engage in any business or transaction of any nature which is in substantial conflict with the proper discharge of his public duties or with the public interest. To protect the public from improper use of authority and to protect public officials and employees from unwarranted assaults on their integrity, the following code of ethics for state government is hereby adopted." Section 1404 prohibits certain acts by state employees and provides, in pertinent part, as follows: "No state employee shall: ". . . "(f) Accept other employment which would impair his efficiency or independence of judgment in the performance of his public duties." In addition, it should be noted that Article II, Section 11 of the Oklahoma Constitution reads, in pertinent part, as follows: "Every person elected or appointed to any office or employment of trust or profit under the laws of the State, or under any ordinance of any municipality thereof, shall give personal attention to the duties of the office to which he is elected or appointed . . . ." It would seem that the situation which you have described, i.e., appointment of a state employee as an officer of a state board or commission, would not be a per se violation of the Code of Ethics or the Constitution. Only if the specific facts of an individual case disclose a violation of Section 1404 would such an appointment be improper. It should be noted, however, that under the rationale espoused in Attorney General's Opinion No. 75-146, issued on October 3, 1975, it is a per se violation of the Code of Ethics and the Oklahoma Constitution for a state employee to purportedly work for one state agency or department during the same hours for which he or she is actually working for another state agency. As regards your second question, it is apparent that the source of the funds utilized to pay the state employee would be irrelevant to the issue whether or not his appointment would be a violation of the Code of Ethics. The public's right to both the quality and quantity of service from a public employee for which it is paying is not dependent upon the specific source of such employee's salary. Pertaining to your third question, it is clear that the amount of compensation received by an employee due to his or her appointment would likewise be irrelevant as to whether or not such appointment would violate the Code of Ethics. As set forth in Opinion No. 75-146, supra, any compensation received by the employee would constitute a factual matter properly to be considered in determining whether or not his or her appointment would constitute a violation of the Code of Ethics or Article II, Section 11 of the Oklahoma Constitution. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: A salaried employee of the State of Oklahoma may be appointed to a state board or commission and continue to serve as a salaried employee if the duties with the state board or commission do not in any way conflict with his responsibilities as a salaried employee. The fact that the salary of such employee is paid from federal funds would have no bearing on this opinion, nor would the payment of per diem expenses. (JAMES R. BARNETT) (ksg) ** SEE: OPINION NO. 89-506 (1989) (UNPUBLISHED) **